**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:18cr10-MHT** |
| | ) | **(WO)** |
| **CHRISTOPHER IMAN ULMER** | ) | |

**OPINION AND ORDER**

This cause is before the court on defendant Christopher Iman Ulmer's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for May 21, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Ulmer in a speedy trial. As stated in the motion to continue, counsel for Ulmer was recently appointed to the case, and has another

criminal case set for trial during the week of the current trial date.  In addition, the government represented on-the-record on April 4, 2018, that Ulmer faces a potential mandatory sentence of life imprisonment if convicted.  Ulmer requests additional time to thoroughly review discovery in this case, in light of the serious penalty he may be facing, and to avoid his counsel's conflict with the current schedule.  Accordingly, a continuance is warranted to allow Ulmer's counsel the opportunity to prepare fully and effectively for trial.  The government does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Christopher Iman Ulmer (doc. no. 19) is granted.

(2) The jury selection and trial, now set for May 21, 2018, are reset for August 6, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United

States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 5th day of April, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE